IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOICE FREDERICK SMITHERS, JR., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-2355 |
| | : | |
| BRIAN DENNIS, *et al.*, | : | |
| Defendants. | : | |

### ORDER-MEMORANDUM

**AND NOW**, this **27th** day of **June 2023**, upon consideration of Plaintiff Boice Frederick Smithers, Jr.'s *pro se* Complaint (ECF 2) and Amended Complaint (ECF 6), it is **ORDERED** that:

1. The Motion to Proceed *In Forma Pauperis* (ECF 1) and Amended Motion to Proceed *In Forma Pauperis* (ECF 5) shall be **DENIED as moot** because Smithers has paid the filing fee; and

2. The Clerk of Court is **DIRECTED** to **TRANSFER** the above-captioned case to the United States District Court for the Western District of New York; and

3. The Motion to Appoint Counsel (ECF 7) shall be left to the discretion of the transferee court.

### *Analysis*

On June 2, 2023, the Clerk of Court docketed in Civil Action No. 21-0591 a letter from Boice F. Smithers, Jr., a prisoner currently incarcerated at Mohawk Correctional Facility, in Rome, New York. That civil matter was closed on March 20, 2021, when Smithers voluntarily withdrew his case. (*See* Civ. A. No. 21-0591, ECF 4, 5.) Smithers submitted an additional letter that was docketed on June 5, 2023. (*See* ECF 7.) Because it was unclear from Smithers's submissions whether he wished to commence a new civil action, by Order dated June 7, 2023, the Court re-

opened the case and directed the Clerk of Court to send Smithers a blank copy of the Court's form Complaint for a prisoner filing a civil rights action, as well as an application to proceed *in forma pauperis*. (*See* ECF 8.) That matter was once again closed.

The Clerk of Court also received a forty-eight page letter from Smithers. Although this letter was deficient as a complaint in a civil action in a number of respects, in an abundance of caution, the Clerk of Court treated this letter as a federal civil rights complaint brought pursuant to 42 U.S.C. § 1983 and opened a civil action on June 8, 2023. (*See* Civ. A. No. 23-2188, ECF 1.) The Court construed the rambling and largely incoherent Complaint as raising claims pertaining to Smithers's criminal prosecution and conviction, which appears to have occurred in Canandaigua, Ontario County, New York. (*See id.* at 24, 28-30.) As there was no apparent basis for venue in this district, by Order dated June 14, 2023, the Court transferred Smithers's Complaint to the United States District Court for the Western District of New York, where the events giving rise to Smithers's claims occurred and where the defendants would be located. (*See* ECF 3.)

Likely before Smithers was aware that Civil Action No. 23-2188 was transferred to the United States District Court for the Western District of New York, it appears that Smithers submitted the filings in the present case in response to the Court's June 7, 2023 Order in Civil Action No. 21-0591 providing him with the court's forms for commencing a civil action. A review of the documents docketed as the Complaint and Amended Complaint in the case at bar, (*see* Civ. A. No. 23-2355, ECF 2, 6), reveals that once again, to the extent that Smithers presents claims therein, such claims are best construed as pertaining to his criminal prosecution and conviction, which appears to have occurred in Canandaigua, Ontario County, New York. (*See* ECF 2 at 10-21, ECF 6 at 5-7.) As there is no apparent basis for venue in this district, the Court will transfer Smithers's case to the United States District Court for the Western District of New York, where the events giving rise to Smithers's claims occurred and where the defendants would be located.

*See* 28 U.S.C. § 112(d), 1391(b) & 1406(a); *Lafferty v. St. Riel*, 495 F.3d 72, 74-75 & n.3 (3d Cir. 2007) (declining to disturb district court's *sua sponte* transfer under § 1406(a)); *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (holding a district court may *sua sponte* transfer case under § 1406(a)).

BY THE COURT:

_____
Berle M. Schiller, J.